TEXAS & P. RY. CO. v. GRIFFIN et al.*
(No. 1554.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 3, 1916. Rehearing Denied Feb. 17, 1916.)

1. MASTER AND SERVANT ⟐⟑279(6)—INJURIES TO SERVANT—NEGLIGENCE—SUFFICIENCY OF EVIDENCE.

In an action against a railroad for death of a member of a switching crew, evidence of the engineer's negligence in checking his engine too sharply held sufficient to support a verdict for plaintiffs.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 979; Dec. Dig. ⟐⟑ 279(6).]

2. TRIAL ⟐⟑260(8) — INSTRUCTIONS — REPETITION.

In a servant's action for injuries, where the court in its main charge instructed on the burden of proof, the refusal to give a special charge on the subject was not erroneous.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 657; Dec. Dig. ⟐⟑260(8).]

3. TRIAL ⟐⟑260(8)—INSTRUCTIONS—REFUSAL OF SPECIAL ISSUES.

In a servant's action for injuries, where the court failed to submit certain states of fact as a basis of liability in his main charge, the refusal of special charges directing that they could not find for plaintiffs upon such states of fact was proper, since the failure to submit the issues was sufficient to exclude them from the consideration of the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 657; Dec. Dig. ⟐⟑260(8).]

4. DEATH ⟐⟑99(5) — DAMAGES — EXCESSIVE VERDICT.

In a mother's action for death of her married son, a railroad switchman, where the mother was 81 years old, in good health for her age, while decedent was 40 years of age, and had received his portion of her property on division among all her children in return for his promise to support her, he having contributed but little in the past through inability, and being her youngest child, so that strong feelings of attachment existed between them, a verdict for $500 was not excessive.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 125, 126, 130; Dec. Dig. ⟐⟑99(5).]

Appeal from District Court, Harrison County; H. T. Lyttleton, Judge.

Suit by Mrs. Ada Griffin and others against the Texas & Pacific Railway Company. From a judgment for plaintiffs, defendant appeals. Affirmed.

F. H. Prendergast, of Marshall, for appellant. S. P. Jones, T. P. Harte, and Beard & Davidson, all of Marshall, for appellees.

---

⟐⟑For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

HODGES, J. The appellees are the widow, daughter, and mother of S. A. Griffin, who was killed while employed by the appellant in its yards at Marshall, Tex. The accident occurred under the following circumstances: The switching crew with which S. A. Griffin was working desired to make a drop or flying switch in order to place a car at a certain point in the railroad yards. Griffin, in obedience to the directions of the foreman, went on top of the car to be placed for the purpose of stopping it when disconnected from the engine. This was his first experience in that line of work, and he was placed there because he was unacquainted with the signals and other things necessary to work in any other capacity with the switching crew. Another switchman took a position on the side of the car for the purpose of uncoupling it at the proper time. After the engineer had given the necessary slack in the speed of the engine, and the car had been uncoupled, it was discovered that it had not passed over the switch as far as desired. Upon investigation it was found that Griffin had fallen from the car and had been run over and killed at the point where the car was uncoupled, and under circumstances indicating that his fall resulted from the jam then produced. In their petition the appellees alleged that the engineer was negligent in his manner of operating the engine on that occasion, in suddenly and violently checking the speed of the car to permit the uncoupling; that he did this by reversing the engine without cutting off the steam, producing a violent jam which caused the fall of Griffin from his position on top of the car. A verdict was returned in favor of Mrs. S. A. Griffin, the widow of the deceased, for $5,000, the daughter for $2,500, and the mother, Mrs. Georgia Griffin, for $500.

The first assigned error complains of the conduct of the court in his treatment of the attorney representing the appellant upon the trial. We have carefully examined the record upon which this complaint is based, and are not inclined to think that this conduct had any effect upon the result of the trial, whatever may be said of it in other respects.

[1] The court gave the following as a part of his main charge:

"If you should find from the evidence that the engineer handling the engine at the time Griffin was killed undertook to slack the speed of the engine by reversing the same without shutting off the steam, and that the same caused the speed of the cars to be so suddenly checked as to cause an unusual jam or jar of the car on which S. A. Griffin was performing his work, and that this caused the said Griffin to fall or to be thrown from said car, thereby causing his death either by the fall or by the car passing over his body, and if you should further find that the engineer was guilty of negligence in so reversing the said engine without shutting off the steam, if you find that he did so, and you should find that the same caused the cars to be suddenly checked, and said Griffin to be thrown from them and killed either by the fall or the car passing over his body, then you will find for the plaintiffs, unless you find against them under other portions of this charge."

The testimony clearly indicates that Griffin was thrown from his position on top of the car by the jam produced when the engineer was attempting to give what the witnesses call the "slack" necessary to permit the uncoupling of the car. The charge quoted is objected to: First, because the evidence does not show that the engineer was negligent in the manner indicated; second, because there was not sufficient evidence to show that the unusual jar caused Griffin to fall; and, third, because the evidence was not sufficient to show that it was negligence to reverse the engine without shutting off the steam. None of these objections, we think, are tenable. The engine foreman, Moore, who testified for the appellees, stated that the engineer upon that occasion reversed his engine without shutting off the steam. This was denied by the engineer; but he admitted that such a mode of giving slack would be dangerous to the man on top of a car, and would likely throw him off. It appears that Moore had previously made a written statement to the appellant's claim agent as to how the accident occurred and the manner in which the cars were being handled at the time, in which he had said that:

"There was no rough handling of the cars at any time, no sudden jerks or sudden jars, and that they handled the same in the usual manner and as carefully as could be."

On cross-examination he was confronted with this statement and asked if he had not signed it. He admitted that he had, but said he did so without reading it, and had assumed that it was a correct record of what he had previously said in answer to questions propounded to him by the claim agent. He had answered the questions in the morning as he went to his work, and signed the statement in the evening on his return home. When pressed to indicate what portions were incorrect, he pointed out only a part of what was material, leaving enough to show an admission that the cars were handled on that occasion in the usual manner and as carefully as they could be. This written statement was subsequently put in evidence to impeach Moore. In some respects it is inconsistent with his testimony that the engineer upon that occasion reversed his engine without cutting off the steam. If we consider that testimony in connection with the admission of the engineer that to reverse the engine without first shutting off the steam was not their usual method of making such switches, and that it would be dangerous to a man on top of the car, we have evidence of negligence sufficient to support the verdict and the charge of the court.

[2] The court in other portions of his main charge instructed the jury on the burden of

proof, and there is no merit in the assignment based upon the refusal of the court to give a special charge upon that subject.

[3] Special charges were refused which directed the jury that they could not find for the plaintiffs upon certain states of fact which were set out in the appellees' original petition. The failure of the court to submit those issues in his main charge was sufficient to exclude them from the consideration of the jury, and special charges upon that subject would have been mere matter of argument upon which the court was not required to enter.

[4] It is also contended that the verdict of the jury is excessive, especially the allowance of $500 to the mother. The evidence shows that Griffin at the time of his death was 40 years of age; his mother was 81 years old, and in good health for one of that age; that she had previously divided all of her property among her children, and was dependent upon them for her support; that S. A. Griffin, the deceased, had received his portion and had promised to support her. She admitted that he had contributed but little in the past, but said that he gave as an excuse for his failure that he was unable to do so. She further testified that he was her youngest child, and that strong feelings of attachment existed between them. Under these circumstances we cannot say as a matter of law that the mother had no right to expect contribution from her son. It presents the instance of an aged woman, doubtless unable to do anything toward earning a support, who, having distributed her property among her children, became dependent upon them for her support during the remainder of her life. She had as an assurance that this would be done, not only the natural attachment usually existing, but the promise of her son, which the jury had a right to infer was based upon the fact that he had received his distributive portion of his mother's estate during her lifetime. Under these circumstances we cannot say that the verdict was excessive.

The judgment of the district court is affirmed.